IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| WARREN DAVIS PROPERTIES XXV, L.L.C., a Missouri limited liability company, | ) ) ) |
| And | ) ) |
| DAVIS PROPERTY MANAGEMENT, L.L.C., a Missouri limited liability company, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, | ) ) ) ) |
| And | ) ) |
| AMERICAN GUARANTEE AND LIABILTIY INSURANCE COMPANY, an Illinois corporation, | ) ) ) ) |
| Defendants. | ) |

CASE NO. _____

## PETITION

**COMES NOW** Plaintiffs, Warren Davis Properties XXV, L.L.C. ("WDP XXV") and Davis Property Management, L.L.C. ("DPM") by and through their counsel of record Carnahan, Evans, Cantwell & Brown, P.C., and for their cause of action against Defendants states, alleges and avers as follows:

1. Plaintiff WDP XXV is a Missouri limited liability company, in good standing with the authority to bring this action under its Operating Agreement, as amended. WDP XXV is headquartered and conducts its business in Springfield, Greene County, Missouri.

2. Plaintiff DPM is a Missouri limited liability company, in good standing with the authority to bring this action under its Operating Agreement, as amended. DPM is headquartered in Springfield, Greene County, Missouri and conducts its business in Missouri.

3. Zurich American Insurance Company ("Zurich") is an Illinois corporation and a wholly owned subsidiary of Zurich Insurance Group, Ltd., a Swiss insurance company headquartered in Zurich, Switzerland. Zurich is a foreign insurance company authorized to do business in the State of Missouri.

4. Zurich issues property and casualty insurance in Missouri through its wholly owned subsidiary company, American Guarantee and Liability Insurance Company, an Illinois corporation ("AGLIC)". AGLIC is a foreign insurance company authorized to do business in the State of Missouri.

5. Zurich and AGLIC use their names interchangeably in documents, advertising and correspondence, including documents and correspondence delivered to DPM and WDP XXV, and AGLIC is therefore the alter ego of Zurich. AGLIC issued an insurance policy to DPM covering property in Springfield, Missouri, and this Court therefore has personal jurisdiction over Zurich and AGLIC pursuant to Rule 54.06 (a) (1, 2 and 5).

6. Pursuant to Section 375.906 RSMo., Zurich and AGLIC may be served through the Director, Deputy Director or the Chief Clerk of Office of the Missouri Department of Commerce and Insurance at 301 W. High St., Room 530, Jefferson City, Missouri 65101.

7. This action involves a claim under a policy of property and casualty insurance issued by Zurich through its subsidiary AGLIC to DPM and WDP XXV covering property in Springfield, Missouri. Both Zurich and AGLIC are non-residents of Missouri, and this action

involves no tort claims, so venue of this action in this Court is therefore authorized by Section 508.010.2(4) RSMo 2019.

8. WDP XXV is the owner of real property in Springfield, Greene County, Missouri that is the subject of this action by virtue of a warranty deed recorded at Book 2010, Page 050265-10 in the land records of Greene County, Missouri. Said real property is located at 1100 N. Glenstone Avenue, Springfield, Missouri 65802, and was formerly and commonly known as the Solo Cup plant (hereinafter "Solo plant"). The Solo plant has been redeveloped by WDP XXV as a commercial and industrial warehouse facility since its purchase.

9. DPM is a property management company affiliated with and under common ownership with WDP XXV. DPM exercises management control of the Solo plant for WDP XXV, and its obligations include but are not limited to obtaining property and casualty insurance covering the buildings at the Solo plant. DPM has an insurable interest in the Solo plant by virtue of its management control of the property.

10. Upon acquiring the Solo plant in December 2010, DPM and WDP XXV insured the building against property and casualty damage continuously to the present. DPM and WDP XXV made no insurance claims under the policies issued covering the Solo plant from 2010 through January 10, 2020.

11. On or about January 7, 2019, Zurich's Producer, Marsh USA Inc. ("Marsh") submitted a request for insurance to Zurich for property and casualty insurance on a number of properties, including the Solo plant. Accompanying the request Marsh provided Zurich with a listing of covered locations and values, and a named insured schedule that specifically listed the Solo plant buildings and WDP XXV as the owner of the property.

12. On or about January 30, 2019, Zurich and AGLIC issued a quote for property and casualty insurance to DPM and WDP XXV to provide coverage for the Solo plant through Zurich's Producer, Marsh. DPM and WDP XXV requested that Zurich bind coverage on February 29, 2019.

13. On or about March 1, 2019 Zurich and AGLIC issued a policy of property and casualty insurance to DPM and WDP XXV, Policy Number ERP 0437166-00, effective March 1, 2019 through March 1, 2020, insuring the Solo plant for its full replacement cost against, among other causes of loss, wind and hail damage (the "Policy"), a true copy of which is attached hereto as **Exhibit "A"**.

14. Shortly after issuing the Policy, Zurich and AGLIC caused the entire Solo plant to be inspected and provided DPM and WDP XXV a list of items needing attention or repair; that list contained nothing related to the roof.

15. Prior to issuing the Policy to DPM and WDP XXV and until after the Claim (as defined hereinafter) was made, Zurich and AGLIC did not advise DPM and WDP XXV of any concerns about pre-existing hail damage to the roof, nor did they place any condition or exclusion in the Policy relating to pre-existing hail damage.

16. Prior to January 10, 2020 the roof of the Solo plant was in good, watertight condition considering the age, roof composition and size of the building, and DPM and WDP XXV had not experienced any unusual, frequent or large water intrusions through the roof since buying the building. The roof repairs made by DPM and WDP XXV prior to January 10, 2020 were small, spot repairs typical for a building of the Solo plant's age and size.

17. The only exception to DPM's and WDP XXV's roof repair experience stated in paragraph 16 was on a 40,000 square foot area of the Solo plant in the northwest portion of the

building, where DPM and WDP XXV had the roof replaced with a TPO membrane roof in 2016 as a result of wind damage to that area. That area is depicted on the building drawing attached hereto as **Exhibit "B"** and denoted as AREA 1.

18. On or about January 10, 2020 a severe wind and hailstorm struck the Solo plant and buildings in the surrounding area (the "Storm").

19. The Storm caused serious damage to the roof of the Solo plant. Within 30 minutes of the Storm's occurrence, DPM's maintenance staff observed numerous serious water leaks in the roof causing water intrusion into the building.

20. DPM and WDP XXV made emergency repairs to the roof of the Solo plant, at their own significant expense, promptly after the Storm to protect the building and the tenants' property.

21. The severity of the Storm was apparent as a number of vehicles in the parking lots of the Solo plant, belonging to tenants' employees, were either seriously damaged or rendered a total loss by hail damage.

22. The severity of the Storm was also apparent due to the roof damage to adjacent buildings, including two warehouse buildings owned and/or leased by Springfield Remanufacturing Company ("SRC"). SRC leases the warehouse at 1925 E. Chestnut Expy. from WDP XXV and carries insurance on it pursuant to the lease. SRC owns and insures the warehouse at 2065 E. Pythian St. (the "SRC Warehouses"). The roofs of both warehouses had to be replaced due to damage from the Storm.

23. On or about January 15, 2020, DPM and WDP XXV made a claim to Zurich and AGLIC under the Policy relating to the damage to the Solo plant from the Storm (the "Claim").

24. Zurich and AGLIC acknowledged receipt of the Claim on or about January 16, 2020.

25. Zurich and AGLIC did not promptly accept responsibility for the Claim and the roof damage to the Solo plant under the Policy.

26. As detailed herein after, Zurich and AGLIC failed to make a decision on DPM's and WDP XXV's Claim for an unreasonable period of time.

27. During the time from the Storm until the present, DPM and WPD XXV have been required to make numerous repairs to the roof of the Solo plant, due to the damage from the Storm, at their own expense to protect the building and the tenants' personal property and inventory.

28. From the date of the Storm until the present, DPM and WDP XXV have expended, at their own sole cost, the sum of at least $93,002.68 to make repairs to the Solo plant roof and to inspect and test the roof, that should have been paid by Zurich and AGLIC. The expenditures by DPM and WDP XXV for such roof repairs, inspections and tests are detailed in **Exhibit "C"** attached hereto.

29. After DPM and WDP XXV made the Claim, Zurich and AGLIC investigated the claim, including sending structural engineers and roofing consultants to examine the roof and take photographs and samples of the roof material on or about January 27, 2020, February 24, 2020, March 25, 2020 and May 20, 2020.

30. Zurich and AGLIC's consultant, JS Held issued reports of its inspections and testing dated April 21, 2020, April 27, 2020, and June 17, 2020.

31. The JS Held reports confirmed that the roof of the Solo plant was damaged, at least in part, by the Storm. It further opined that the roof had prior hail damage before the Storm, but it did not attribute any water leaks observed after the Storm to that prior damage.

32. Zurich's and AGLIC's consultant, JS Held, also examined the roofs of the adjacent SRC Warehouses and reached the conclusion that the Storm had caused severe damage to those roofs that required replacement of the roofs. The insurer of those warehouses, Chubb Insurance Company, paid SRC's claim to replace both roofs under the property and casualty policy it issued to SRC.

33. DPM/WDP XXV also had the roof of the Solo plant inspected and tested by a qualified consultant, Arrow Consulting Corporation.

34. On or about April 13, 2020, Arrow Consulting Corporation issued a report, a copy of which was provided to Zurich, AGLIC and JS Held, opining that the roof of the Solo plant was damaged in the Storm to the extent that the roof (except AREA 1 and the portions of the roof with TPO membrane previously installed) needed to be replaced in their entirely.

35. Despite the receipt of DPM's and WDP XXV's consultant's report and their own investigation results, Zurich and AGLIC continued in their failure to acknowledge the validity DPM and WDP XXV's Claim and to accept responsibility for DPM's and WDP XXV's loss.

36. Zurich and AGLIC continued to stall in making a decision of DPM's and WDP XXV's claim for an unreasonable period of time, beyond what a reasonable insurer would have done under the circumstances.

37. On or about July 13, 2020, Zurich and AGLIC notified DPM and WDP XXV that they were denying the Claim in its entirety. Zurich's and AGLIC's notice of denial of the Claim is attached hereto as **Exhibit "D"**.

38. On or about September 15, 2020 Zurich and AGLIC sent a letter to Marsh, again stating that they were denying the Claim in its entirety. Zurich's and AGLIC's second notice of denial of the Claim is attached hereto as **Exhibit "E"**.

39. The stated basis for the complete denial of DPM's and WDP XXV's Claim in Exhibits D and E was that "the damage to the building resulting from hail impacts… predate your policy period beginning on March 1, 2019."

40. Zurich and AGLIC's complete denial of the Claim ignored the results of its own consultant's reports, which stated that the roof was "damaged by hailstones *on and before* the reported date of loss." (emphasis added).

41. As a direct result of the damage from the Storm, a significant portion of the Solo plant roof must be replaced in its entirety, except in AREA 1 on **Exhibit B** and areas with TPO membranes (which require repairs in certain areas).

## COUNT I – BREACH OF CONTRACT

42. DPM and WDP XXV restate, reallege and reaver each and every allegation contained in paragraphs 1 – 41 of the Petition and incorporate the same herein by reference.

43. DPM and WDP XXV paid all premiums due under the Policy in a timely manner, and Zurich and AGLIC accepted those premiums.

44. DPM and WDP XXV performed all duties and obligations required of it under the Policy in a timely manner.

45. Zurich and AGLIC have breached the Policy by denying DPM's and XXV's Claim in its entirety, and by refusing to accept any or all of the loss sustained by DPM and WDP XXV as a result of the Storm.

46. As a direct and proximate result of Zurich's and AGLIC's breach of the Policy, DPM and WDP XXV have sustained damages for the cost of repairs, inspections and testing of the roof and for the cost of replacing the entirety of the roof of the Solo plant, except for AREA 1 on **Exhibit B** and those areas with TPO membrane, where DPM and WWDP XXV are entitled to the cost of repairs to the areas damaged in the Storm.

**WHEREFORE**, Plaintiffs DPM and WDP XXV pray the Court for judgment against Defendants Zurich and AGLIC, for actual damages in sum as the trier of fact determines to be fair and reasonable under the circumstances, and for interest at the legal rate since the date of its Claim on all such damages, and for Plaintiffs' costs and expenses herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT II – VEXATIOUS REFUSAL TO PAY INSURANCE CLAIM

47. DPM and WDP XXV restate, reallege and reaver each and every allegation contained in paragraphs 1 – 41 of the Petition and incorporate same herein by reference.

48. Zurich's and AGLIC's delay in extending its investigation of DPM's and WDP XXV's Claim and in failing to accept responsibility for emergency repairs, inspections and testing of the Solo plant roof for over five months after notice of the Claim was unreasonable and excessive.

49. Zurich's and AGLIC's denial of the Claim was wrongful under the circumstances in that its own expert consultants acknowledged that the loss was caused, at least in part, by the Storm, yet Zurich and AGLIC denied the Claim in its entirety.

50. Zurich's and AGLIC's refusal to pay any or all of the loss under the Policy was willful and without reasonable cause or excuse.

51. DPM and WDP XXV are entitled to recover actual damages for breach of the Policy.

52. Section 375.420 RSMo (2020) provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

53. DPM and WDP XXV are entitled under Section 375.420 RSMo (2020) to recover from Zurich and AGLIC damages for vexatious refusal to pay the Claim, in the amount of twenty percent of the first $1,500 of the loss, plus ten percent of the amount of the loss in excess of $1,500, plus an attorneys' fee in such amount as the trier of fact determines to be reasonable under the circumstances.

**WHEREFORE**, Plaintiffs DPM and WDP XXV pray for judgment against Defendants Zurich and AGLIC for damages for vexatious refusal to pay the Claim, in the amount of twenty percent of the first $1,500 of the loss, plus ten percent of the amount of the

loss in excess of $1,500, plus an attorneys fee in such amount as the trier of fact determines to be reasonable under the circumstances, and for Plaintiffs' costs and expenses herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.
Respectfully submitted,

CARNAHAN, EVANS, CANTWELL
    & BROWN, P.C.

By:   */s/ John E. Price*
      John E. Price
      Missouri Bar No. 28150

CARNAHAN, EVANS, CANTWELL
    & BROWN, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009
Springfield, MO 65808-0009
Phone: (417) 447-4400
Fax: (417) 447-4401
Email: jprice@cecb.com
Attorneys for Plaintiffs



FTN COPY

# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

**FILED** JUN 28 2021
FIN MAIL
CIRCUIT CLERK
GREENE COUNTY

**RECEIVED** JUN 15 2021
COLE COUNTY SHERIFF'S OFFICE

| Judge or Division: MICHAEL J CORDONNIER | Case Number: 2131-CC00573 |
|---|---|
| Plaintiff/Petitioner: WARREN DAVIS PROPERTIES XXV LLC vs. | Plaintiff's/Petitioner's Attorney/Address JOHN EDMUND PRICE 2805 S INGRAM MILL RD SPRINGFIELD, MO 65804 |
| Defendant/Respondent: ZURICH AMERICAN INSURANCE COMPANY | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ZURICH AMERICAN INSURANCE COMPANY
Alias:
C/O DEPUTY DIRECTOR / CHIEF
CLERK OF MISSOURI DEPT OF COMMERCE
AND INSURANCE
301 W HIGH ST RM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF
GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06/11/2021 Date    /s/ Thomas R. Barr by JJ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Deborah Lee (name) Designee (title).
☐ other: _____
Served at 301 W. High St. (address)
in Cole (County/City of St. Louis), MO, on 06/14/2021 (date) at 10:40 AM (time).

Sheriff [signature] by Deputy [signature] #48
Printed Name of Sheriff or Server / Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ Date    Notary Public

**Sheriff's Fees, if applicable**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-1368    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03177-MDH   Document 1-1   Filed 07/15/21   Page 12 of 13

RTN COPY



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 2131-CC00573 |
|---|---|
| Plaintiff/Petitioner:<br>WARREN DAVIS PROPERTIES XXV LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN EDMUND PRICE<br>2805 S INGRAM MILL RD<br>SPRINGFIELD, MO 65804 |
| Defendant/Respondent:<br>ZURICH AMERICAN INSURANCE COMPANY | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

RECEIVED JUN 15 2021 COLE COUNTY SHERIFF'S OFFICE
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: AMERICAN GUARANTEE AND LIABILTIY INSURANCE COMPANY
Alias:
C/O DEPUTY DIRECTOR / CHIEF
CLERK MISSOURI DEPARTMENT OF
COMMERCE AND INSURANCE
301 W HIGH ST RM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF
GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____06/11/2021_____         _____/s/ Thomas R. Barr by JJ_____
       Date                                      Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Deborah Lee_ (name) _Designee_ (title).
☐ other: _____

Served at _301 W. High St. Rm 530_ (address)
in _Cole_ (County/City of St. Louis), MO, on _06/14/2021_ (date) at _10:40 AM_ (time).

_____        By _Deputy_____ #48
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
My commission expires: _____
          Date                     Notary Public

Sheriff's Fees, if applicable
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage          $_____ (_____ miles @ $_____ per mile)
Total            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 21-SMCC-1369   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03177-MDH   Document 1-1   Filed 07/15/21   Page 13 of 13