UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WARREN DAVIS PROPERTIES XXV, ) <br> L.L.C., a Missouri limited liability company,) <br> ) <br> and ) <br> ) <br> DAVIS PROPERTY MANAGEMENT, ) <br> L.L.C, a Missouri limited liability company, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> ZURICH AMERICAN INSURANCE ) <br> ) <br> COMPANY, an Illinois corporation, ) <br> ) <br> And ) <br> ) <br> AMERICAN GUARANTEE AND ) <br> LIABILITY INSURANCE COMPANY, ) <br> an Illinois corporation, ) | Cause No. 6:21-CV-03177 <br><br> Removed from Circuit Court of <br> Greene County, Missouri <br> Cause No. 2131- CC00573 |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S SUGGESTIONS IN SUPPORT OF ITS MOTON TO DISMISS PLAINTIFFS' PETITION**

COMES NOW Defendant Zurich American Insurance Company, by and through its counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and states the following for its Suggestions in Support of its Motion to Dismiss Plaintiffs' Petition:

**I. Introduction**

This is a breach of contract case involving an insurance policy that American Guarantee and Liability Insurance Company ("AGLIC") issued to Plaintiff Davis Property Management, LLC ("DPM") as the named insured. AGLIC and DPM are the *only* parties to the policy, and thus the only proper parties to this lawsuit which arises from the alleged breach of the same. Nonetheless, DPM and its related entity, Warren Davis Properties XXV, LLC (collectively,

"Plaintiffs"), have asserted claims against AGLIC *and* its parent company, Zurich American Insurance Company ("Zurich").

Zurich is not liable to Plaintiffs because as they allege, and as the policy (attached to their petition) states, *AGLIC* –not Zurich –issued the policy. Instead, Plaintiffs attempt to invoke Zurich in this lawsuit by arguing without factual support that AGLIC is Zurich's alter ego. As discussed below, Zurich has no place in this lawsuit as it did not issue the policy in dispute and Plaintiffs did not plead facts sufficient to establish their alter ego theory against Zurich. As such, Plaintiffs failed to state a claim against Zurich and its Motion to Dismiss should be granted accordingly.

## II. Legal Standard

"[A] motion to dismiss for failure to state a cause of action is well taken where the facts essential to recovery are not pleaded. *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773 (Mo. App. E.D. 1994). In other words, a petition must contain allegations of fact in support of each essential element of the cause pleaded, and a motion to dismiss is properly granted where the petition offers only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts. *Id*.

## III. Argument

Plaintiffs assert breach of contract and vexatious refusal to pay claims against AGLIC and Zurich arising from their alleged breach of an insurance policy which covered Plaintiffs' property in Springfield, Missouri. Plaintiffs allege *AGLIC* issued the policy (Petition, ¶ 5) and the declarations page of their policy (attached to their Petition as Exhibit A) similarly states:

> Insurance is provided by the following Stock Company
> American Guarantee and Liability Insurance Company
> hereafter referred to as the "Company",

(Exhibit A, pg. 13).

Thus, based on Plaintiffs' own allegations, Zurich *did not* issue the present policy. Instead, they allege Zurich is responsible for AGLIC's alleged breach under an alter ego theory because "Zurich and AGLIC use their names interchangeably in documents, advertising and correspondence, including documents and correspondence delivered to [Plaintiffs]."[1]

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation is not liable for the acts of its subsidiaries." *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 696 (Mo. App. E.D. 2020) (quoting *United States v. Bestfoods*, 524 U.S. 51 (1998)). Rather, separate corporations are to be regarded as distinct legal entities *even if* the stock of one is owned wholly by the other and the two companies share a "close synergistic relationship." *Ingham* at 696.

Indeed, the Missouri Supreme Court has admonished that parent/ subsidiary separation should only be ignored *only if* the following three factors are shown:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> 2) Such control must have been used by the corporation to commit fraud *or* wrong, to perpetrate the violation of statutory or *other positive legal duty,* or dishonest and *unjust* act in contravention of plaintiff's legal rights; and
>
> 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 18 (Mo. banc 2013) (emphasis in original); see also *Edward G. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773-74 (Mo. App. E.D. 1994) (prescribing the same three-part test as in *Doe 1631* (discussed above) to hold a parent company liable under an alter ego theory).

---

[1] Petition, ¶ 5

Plaintiffs assert the following two allegations regarding the relationship between Zurich and AGLIC, and neither satisfies any of the three elements above:

- "Zurich issues property and casualty insurance in Missouri through its wholly owned subsidiary company, [AGLIC]"[2] and;
- "Zurich and AGLIC use their names interchangeably in documents, advertising and correspondence, including documents and correspondence delivered to [Plaintiffs], and AGLIC is therefore the alter ego of Zurich."[3]

As for Plaintiffs' first allegation, Missouri law is clear that a parent/subsidiary relationship alone is insufficient to prove the degree of control necessary to establish an alter ego theory. *Ingham*, 608 S.W.3d at 696; *Blanks v. Flour Corp.*, 450 S.W.3d 308, (Mo. App. E.D. 2014) (parent company's domination and control of its subsidiaries was insufficient to hold the parent company responsible for its subsidiary's wrongful conduct).

Similarly, using names interchangeably is not a criteria for piercing the corporate veil and this allegation is certainly not sufficient to show that Zurich exerted "complete domination" over AGLIC such that the latter had "no separate mind, will or existence of its own," as required to prove the alter ego theory. See *Doe 1631*, 395 S.W.3d at 18.

## IV. Conclusion

Based on the foregoing, Plaintiff failed to plead facts establishing that Zurich issued the policy or that AGLIC is Zurich's alter ego such that Zurich could be held liable for AGLIC's alleged breach. As such, Plaintiffs failed to state a claim against Zurich and its Motion to Dismiss should be granted.

---

[2] Petition, ¶ 4
[3] *Id.* at ¶ 5

**BROWN & JAMES, P.C.**

/s/ Timothy J. Wolf
Timothy J. Wolf, #53099
Benjamin S. McIntosh, #68248
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – FAX
twolf@bjpc.com
bmcintosh@bjpc.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system this 22nd day of July, 2021, to all counsel of record.

/s/ Timothy J. Wolf

#26219629.1