# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WARREN DAVIS PROPERTIES XXV, L.L.C., a Missouri limited liability company, | |
| and | |
| | Case No. 6:21-CV-03177 |
| DAVIS PROPERTY MANAGEMENT, L.L.C., a Missouri limited liability company, | Removed from Circuit Court of Greene County, Missouri |
| Plaintiffs, | Cause No. 2131-CC00573 |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, | |
| and | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, an Illinois corporation, | |
| Defendants. | |

## SUGGESTIONS IN OPPOSITION TO ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' PETITION

**COME NOW**, Plaintiffs, Warren Davis Properties XXV, L.L.C., a Missouri limited liability company and Davis Property Management, L.L.C., a Missouri limited liability company, and for their Suggestions in Opposition to Zurich American Insurance Company's Motion to Dismiss Plaintiffs' Petition state as follows:

### Introduction

Defendant Zurich American Insurance Company, an Illinois corporation ("Zurich") filed a Rule 12(b)(6) Motion to Dismiss (the "Motion") for failure to state a claim based upon the

1

assertion that it is a parent corporation with no liability for the actions of its subsidiary, Defendant American Guarantee and Liability Insurance Company, an Illinois corporation ("AGLIC"). Neither Zurich nor AGLIC dispute that Plaintiffs can bring the present action against AGLIC.

In Defendant Zurich American Insurance Company's Suggestions in Support of its Motion to Dismiss Plaintiffs' Petition (the "Suggestions"), Zurich relies entirely upon an interpretation of the Missouri Rules of Civil Procedure to argue that Plaintiffs did not plead sufficient facts to hold Zurich liable. However, Zurich incorrectly relies upon Missouri civil procedure rules, which obviously do not govern civil procedure in federal court. And when applying the correct federal standard, Plaintiffs survive the Rule 12(b)(6) Motion, because the Petition alleges sufficient facts to place in issue that AGLIC is the alter ego of Zurich.

**Legal Standard**

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Thus, the Federal Rules – not Missouri rules – apply to Zurich's motion. The *Johnson* Court provides an in-depth explanation of how the Court should consider a Rule 12(b)(6) motion to dismiss:

> "[T]o survive motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged,' and 'raise[s] a right to relief above the speculative level.'" *Johnson v. Precythe*, 954 F.3d 1098, 1101 (8th Cir. 2020) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"At the same time, however, the rules of procedure continue to allow notice pleading through a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007; Fed. R. Civ. P.8(a)(2)). "'Specific facts are not necessary; the statement need only 'give the decent fair notice of what the … claim is and the ground upon which it rests.'"" *Id*. (quoting *Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. at 555).

**Argument**

This Court should deny the Motion, because Zurich (1) incorrectly relies upon Missouri civil procedure rules as governing civil procedure in federal court, and (2) does not satisfy the correct legal standard necessary to grant its Rule 12(b)(6) Motion.

<u>*(1) The Federal Rules of Civil Procedure apply, and not Missouri rules.*</u>

Rule 81(c)(1) is clear. The Federal Rules of Civil Procedure govern civil procedure in federal court. However, Zurich's entire Suggestions are predicated upon its interpretation of the Missouri Rules of Civil Procedure. The single sentence of Missouri rules cited by Zurich does not comport with the two paragraphs necessary to describe the Federal Rules. Therefore, all Zurich's arguments springing from this misstatement of the law also fail to comport with the Federal Rules, and so its Motion should be denied.

<u>*(2) Plaintiffs' Petition satisfies the Federal Rule pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss.*</u>

3

Zurich cites *Doe 1631* to imply that Plaintiffs may sue Zurich "*only if* the following three factors are shown," and then lists those factors. Suggestions, p. 3. Again, Zurich misstates the law. *Doe 1631* concerns a directed verdict following discovery, and not a motion to dismiss prior to any discovery. Furthermore, under *Johnson*, (1) Plaintiffs need only plead facts that "give decent fair notice" of the claim, and (2) these facts should allow "the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *See Johnson*, 954 F.3d at 1101. Zurich does not dispute that it has fair notice of the claim, and so the first element is not at issue. Instead, Zurich would have this Court surrender its capacity to draw reasonable inferences in favor of assuming the role of fact finder to determine *now*, without the benefit of discovery, whether the facts of this case meet Zurich's determination of relevant law.

Plaintiffs deny Zurich's citation of *Doe 1631* as the only relevant law, but without waiving this denial, assert that the facts in the Petition are sufficient for the Court to reasonably infer satisfaction of the three factors *Doe 1631* sets forth. From the Plaintiffs' perspective – and insurance consumers' generally – nothing indicates that Zurich and AGLIC are in any way separate. All outward facing business of AGLIC is conducted with Zurich as its face. Exhibit A to the Petition is the insurance policy, which is titled "The Zurich EDGE Policy", written on Zurich letterhead, copyrighted by Zurich, provides contact information *only* for Zurich and its employees, and provides notice "on behalf of Zurich American Insurance Company." Exhibits D and E are communications from Zurich employees listing Zurich contact information to the Plaintiffs regarding Zurich's determination on how to administer the AGLIC policy, and speaking on behalf of AGLIC. The facts in the Petition reasonably lead to an inference that Zurich (i) completely dominates AGLIC's policy and business practices in respect to the

4

transaction attacked, (ii) such control was used to commit the wrong Plaintiffs allege (improper denial of their insurance claim), and (iii) are the proximate cause of the injury to Plaintiff.

It may be that discovery will show that AGLIC and Zurich operate completely separately and that each stands in its own right legally, but from what appears in the Petition and Plaintiffs' exhibits thereto, the present inference is that Zurich controlled the investigation and denial of this insurance claim, on a policy that lists Zurich's name prominently and only references AGLIC in the fine print. Therefore, this Court should deny the Motion.

**WHEREFORE**, Plaintiffs pray this Court enter an Order denying Zurich American Insurance Company's Motion to Dismiss Plaintiffs' Petition, and for such other and further relief as the Court deems just.

Respectfully Submitted,

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.

By: /s/ John Price
John E. Price
Missouri Bar No. 28150
Kirk A. Kaczmarek
Missouri Bar No. 73459

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009 G.S.S.
Springfield, MO 65808-0009
Phone: (417) 447-4400
Fax: (417) 447-4401
E-Mail: jprice@cecb.com
E-Mail: kkaczmarek@cecb.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of August, 2021 a true and correct copy of the foregoing **Suggestions in Opposition to Zurich American Insurance Company's Motion to Dismiss Plaintiffs' Petition** was filed with the Court via the CM/ECF electronic filing system, in compliance with L.R. 5.1.

       /s/ John Price
       Attorney of Record

KAK/13385-001/953094
8/5/2021 4:23 PM