IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WARREN DAVIS PROPERTIES XXV,<br>L.L.C., a Missouri limited liability company<br><br>And<br><br>DAVIS PROPERTY MANAGEMENT,<br>L.L.C., a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY, an Illinois corporation,<br><br>And<br><br>AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY,<br>an Illinois corporation,<br><br>Defendants. | Case No. 6:21-CV-03177-S-MDH |

## ORDER

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") Motion to Dismiss (Doc. 6) Plaintiffs' Petition against it pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

This is a breach of contract case involving an insurance policy that Defendant American Guarantee and Liability Insurance Company ("AGLIC") issued to Plaintiff Davis Property Management, LLC ("DPM") as the named insured. AGLIC and DPM are the only parties to the policy. Nonetheless, DPM and its related entity, Warren Davis Properties XXV, LLC (collectively, "Plaintiffs"), have asserted claims against AGLIC and its parent company, Zurich.

1

**STANDARD**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

**DISCUSSION**

Zurich argues that it is not liable to Plaintiffs because as Plaintiffs allege, and as the policy states, AGLIC—not Zurich— issued the policy. Instead, Plaintiffs attempt to invoke Zurich in this lawsuit by arguing that AGLIC is Zurich's alter ego. As discussed below, Zurich has no place in this lawsuit as it did not issue the policy in dispute and Plaintiffs did not plead facts sufficient to establish their alter ego theory against Zurich.

Plaintiffs assert breach of contract and vexatious refusal to pay claims against AGLIC and Zurich arising from their alleged breach of an insurance policy which covered Plaintiffs' property in Springfield, Missouri. Plaintiffs allege AGLIC issued the policy (Petition, ¶ 5) and the declarations page of their policy (attached to the Petition as Exhibit A) similarly states:

> Insurance is provided by the following Stock Company
> American Guarantee and Liability Insurance Company
> hereinafter referred to as the "Company".

2

(Exhibit A, p. 13). Accordingly, Plaintiffs allege that Zurich did not issue the present policy. Instead, they allege that Zurich is responsible for AGLIC's alleged breach under an alter ego theory.

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation is not liable for the acts of its subsidiaries." *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 696 (Mo. App. E.D. 2020) (quoting *United States v. Bestfoods*, 524 U.S. 51 (1998)). Rather, separate corporations are to be regarded as distinct legal entities even if the stock of one is owned wholly by the other and the two companies share a "close synergistic relationship." *Ingham* at 696.

The Missouri Supreme Court has cautioned that parent/subsidiary separation should only be ignored only if the following three factors are shown:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> 2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> 3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 18 (Mo. banc 2013); *see also Edward G. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773-74 (Mo. App. E.D. 1994) (prescribing the same three-part test as in *Doe 1631* to hold a parent company liable under an alter ego theory).

Plaintiffs assert the following two allegations regarding the relationship between Zurich and AGLIC, and neither satisfies any of the three elements above:

- "Zurich issues property and casualty insurance in Missouri through its wholly owned subsidiary company, [AGLIC]" and;

- "Zurich and AGLIC use their names interchangeably in documents, advertising and correspondence, including documents and correspondence delivered to [Plaintiffs], and AGLIC is therefore the alter ego of Zurich."

As for Plaintiffs' first allegation, Missouri law is clear that a parent/subsidiary relationship alone is insufficient to prove the degree of control necessary to establish an alter ego theory. *Ingham*, 608 S.W.3d at 696; *Blanks v. Flour Corp.*, 450 S.W.3d 308, (Mo. App. E.D. 2014) (parent company's domination and control of its subsidiaries was insufficient to hold the parent company responsible for its subsidiary's wrongful conduct).

Similarly, using names interchangeably is not a criterion for piercing the corporate veil and this allegation is certainly not sufficient to show that Zurich exerted "complete domination" over AGLIC such that the latter had "no separate mind, will or existence of its own," as required to prove the alter ego theory. See *Doe 1631*, 395 S.W.3d at 18.

As these two allegations are the only allegations that go to the alleged relationship between AGLIC and Zurich, they do not sufficiently allege any of the elements or factors necessary to establish that AGLIC is Zurich's alter ego.

## CONCLUSION

For the foregoing reasons, Defendant Zurich's Motion to Dismiss (Doc. 6) is **GRANTED**. All claims contained in Plaintiffs' Petition are hereby dismissed as to Defendant Zurich. Defendant Zurich is accordingly dismissed as a party in the above-captioned case.

**IT IS SO ORDERED.**

Dated: August 25, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　 **DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　 **United States District Judge**