IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WARREN DAVIS PROPERTIES XXV, L.L.C., a Missouri limited liability company <br><br> And <br><br> DAVIS PROPERTY MANAGEMENT, L.L.C., a Missouri limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, an Illinois corporation, <br><br> And <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, an Illinois corporation, <br><br> Defendants/ Third-Party Plaintiff. <br><br> v. <br><br> AFFILIATED FM INSURANCE COMPANY, <br><br> Third-Party Defendant. | Case No. 6:21-CV-03177-S-MDH |

## ORDER

Before the Court is Third-Party Defendant Affiliated FM Insurance Company's ("AFM") Motion to Dismiss Defendant/Third-Party Plaintiff American Guarantee and Liability Insurance Company's ("AGLIC") Third-Party Petition (Doc. 6). For the reasons set forth herein, the Motion is **GRANTED**.

1

## BACKGROUND

It is undisputed that AGLIC issued a policy of insurance in effect from March 1, 2019 through March 1, 2020, which provided coverage for the Property. (See "2019-2020 AGLIC Policy", attached as Exhibit 1; see also AGLIC Answer, Dkt#34, ¶¶5, 14). According to Plaintiffs, who were AGLIC's insureds, "on January 10, 2020, a severe wind and hailstorm struck the [Property] … [and] caused serious damage to the roof." (See Amended Complaint, Dkt#30, ¶20-21). Plaintiffs do not allege any damages beyond those allegedly caused by the 2020 Storm. On January 10, 2020, no AFM Policy related to the Property was in place.

AGLIC sued AFM for Equitable Contribution (Count I) and for Equitable Indemnity (Count II). (See 3rd Party Petition, Dkt#24, ¶¶20-27). AGLIC alleges that "[s]torms that occurred on March 25, 2015 and May 27, 2017—while AFM policies were in effect—caused damage to the roof prior to the January 10, 2020 storm." (See 3rd Party Petition, Dkt#24, ¶7). In Count I, AGLIC contends that therefore, AGLIC "is entitled to equitable contribution from AFM for its share of the loss." (See 3rd Party Petition, Dkt#24, ¶23). Further, AGLIC claims in Count II that AGLIC "is entitled to equitable indemnity from AFM for its share of the loss." (See Dkt#24, ¶27).

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts

sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id*. The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id*.

## DISCUSSION

I.     Count I (Equitable Contribution)

AFM argues that AGLIC's claim for equitable contribution should be dismissed with prejudice because the AFM policies are successive insurance policies that cover different risks than the 2019-2020 AGLIC policy. Under Missouri law, equitable contribution is the right to recover from a co-obligor who shares liability with the party seeking contribution. *Mo. Pub. Entity Risk Mgmt. Fund v. Am. Cas. Co*., 399 S.W.3d 68, 79-80 (Mo. Ct. App. 2013). The right to contribution only arises when several insurers are obligated to indemnify the same loss, and one insurer has paid more than its share of the loss. *Id*, emphasis added. Where multiple insurance carriers cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the indemnification of the common insured. *Id*, emphasis added. The right of contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation. *Id*. However, "in order to have a right of contribution on the ground of concurrent insurance, the insurance provided by each must cover the same insured, the same interest, and the same risk." *Id*.

AGLIC does not allege "concurrent insurance" covering "the same risk." Instead, AGLIC contends that two, prior AFM policies—from completely different time periods, neither of which overlaps with the 2019-2020 AGLIC Policy—apply. (See 3rd Party Petition, Dkt#24, ¶¶18-19). AGLIC alleges that AFM Policy No. GO0131, effective from March 1, 2017 – March 1, 2018 ("2017-18 AFM Policy," attached as Exhibit 2), and AFM Policy No. GM0502, effective from

March 1, 2015-March 1, 2016 ("2015-16 AFM Policy," attached as Exhibit 3), apply. However, an evaluation of the policies conclusively demonstrates that at best, there is successive coverage for the Property, not "concurrent insurance." Given that the policies cover different policy periods, the policies inherently cover different risks. AGLIC failed to plead the "the same risk" or "concurrent insurance", which are required for equitable contribution under Missouri law. Accordingly, Count I of the Third-Party Petitions is dismissed with prejudice.

II.     Count II (Equitable Indemnity)

AGLIC asserts a claim for equitable indemnity against AFM on the basis that AFM should have to pay for the damage inflicted to Plaintiffs' roof while its policies were in effect should AGLIC be held responsible for repairing and replacing the entire damage. Equitable indemnity, also known as implied-in-law indemnity, is not based on contract and instead arises regardless of the parties' intentions where "given the special nature of the case's circumstances, equity demands that one party indemnify the other." *Am. Nat'l Prop. and Cas. Co. v. Ensz & Jester, P.C.*, 358 S.W.3d 75, 84 (Mo. App. W.D. 2012).

Under Count II, for alleged equitable indemnity, is duplicative of Count I, for equitable contribution. See *Grantham v. Wal-Mart Stores, Inc.*, No. 08-3466-CV-S-GAF, 2012 U.S. Dist. LEXIS 194350, at *8 (W.D. Mo. Feb. 28, 2012) (Under "Missouri law, equitable contribution [is] also known as equitable indemnity."). Both claims require the "same loss" and "concurrent insurance" requirements as equitable contribution, as discussed above. Because AGLIC fails to plead these requirements, Count II is similarly dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, AFM's Motion to Dismiss (Doc. 39) AGLIC's Third-Party Petition is GRANTED with prejudice.

4

**IT IS SO ORDERED.**

Dated: May 17, 2022     */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**